Mayor and Board of Aldermen of the City of Newport
vs.
Newport Poster Advertising Co.

Eq. No. 2197.

January 29, 1930.

POULIOT, J. This cause came on to be heard on the demurrer of the respondent to the complainants' bill of complaint—which was amended by substituting the now respondent for the Standish-Barnes Company—seeking to enjoin the respondent from maintaining certain bill-boards in the city of Newport.

The respondent in its demurrer sets out fifteen grounds to support its contention that the bill should be dismissed.

The third ground, that is that the act complained of was a violation of the penal statute for which an adequate remedy is provided at law, was the ground which the respondent stressed particularly in the argument on demurrer. The bill of complaint alleges that respondent is maintaining twelve bill-boards (Par. 9 of the bill) in violation of Chap. 121 and of Sec. 26, Chap. 119, of the General Laws of

Rhode Island, revision of 1923.

Sec. 26 of Chap. 119 forbids the maintenance of bill-boards within fifty feet of the intersection of any highway or street, a violation of which is punishable by a fine not exceeding $50 (Sec. 27, Chap. 119). Sec. 2 of Chap. 121 authorizes cities and towns to regulate outdoor advertising by ordinance. Sec. 3 requires the prior approval for such maintenance of the city or town officers designated by the ordinance. Sec. 4 provides a fine of $10 for each day's violation of the ordinance and, in addition thereto, permits the officers authorized by the ordinance to remove such advertising after a conviction for the violation of Chap. 121 shall have been obtained.

It is a well settled rule that a court of equity will not make it its business to enforce the penal law unless the act complained of was a nuisance. It has further been established by numerous decisions that bill-boards are not per se nuisances.

In the case under consideration there is nothing set out in the bill, except a general allegation, to show that the bill-boards noted are a nuisance in any instance.

The General Laws, by Sec. 27 of Chap. 119, provide a punishment for violation of the statute and the ordinance of the city of Newport, passed in representative council on September 22, 1924, under the authority of Chap. 121, provides for the punishment and for the removal of offending bill-boards.

As this bill appears to the Court as an endeavor to have the Equity Court enforce a penal law or ordinance, the respondent's demurrer is sustained. The decision on this ground being fatal to the complainant's case, the Court does not consider the remaining grounds of demurrer.

For complainant: J. A. Sullivan.

For respondent: Max Levy.